**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**



**LEXON INSURANCE COMPANY,**
a Texas corporation,

Plaintiff,

v.

Civil Action No.: 2:11cv600

**AMERICAN TURF GRASS CORPORATION,**
a Virginia corporation,

SERVE:    William B. McClung
                  REGISTERED AGENT
                  18 N. Main St.
                  Lexington, Virginia 24450
                  (City of Lexington)

**ASPHALT ROADS & MATERIALS CO., INC.,**
a Virginia corporation,

SERVE:    Fred A Haycox, III
                  REGISTERED AGENT
                  4985 Euclid Road
                  Virginia Beach, VA  23462

**BARRY K. JONES,** an individual citizen of the Commonwealth of Virginia.

SERVE:    Secretary of the Commonwealth
                  Commonwealth of Virginia

**DAMUTH SERVICES, INC. d/b/a DAMUTH TRANE,**
a Virginia corporation,

SERVE:    Don R. Damuth
                  REGISTERED AGENT
                  389 Edwin Drive
                  Virginia Beach, VA  23462

**E.G. MIDDLETON, INC.,**
a Virginia corporation,

> SERVE:    Clerk of the State Corporation Commission
> 1300 East Main Street
> Tyler Building
> 1st Floor
> Richmond, VA  23219

**EASTERN SHORE DEVELOPMENT CORPORATION,**
a Virginia corporation,

> SERVE:    Harry W. Jernigan III
> REGISTERED AGENT
> 258 North Witchduck Road, Suite C
> Virginia Beach, VA 23462
> (City of Virginia Beach)

**EASTVILLE INVESTMENTS LLC,**
a Virginia limited liability company,

> SERVE:    Brian C. Purcell
> REGISTERED AGENT
> 222 Central Park Avenue, Suite 1500
> Virginia Beach, VA 23462
> (City of Virginia Beach)

**EROSION CONTROL SERVICES, LLC,**
a Virginia limited liability company,

> SERVE:    Brett B. Thompson
> REGISTERED AGENT
> 3720 Virginia Beach Blvd., Suite 100
> Virginia Beach, VA 23452
> (City of Virginia Beach)

**FERGUSON ENTERPRISES, INC. d/b/a FERGUSON WATERWORKS,**
a Virginia corporation,

> SERVE:    Terry E. Hall
> REGISTERED AGENT
> 12500 Jefferson Ave.
> Newport News, VA 23602
> (City of Newport News)

**HALSEY DESIGN GROUP, INC.,**
a California corporation,

        SERVE:      Clerk of the State Corporation Commission
                        1300 East Main Street
                        Tyler Building
                        1st Floor
                        Richmond, VA  23219

**JEFF BALL,** an individual resident of the State of Georgia,

        SERVE:      Secretary of the Commonwealth
                        Commonwealth of Virginia

**SHORE PAVING LLC,**
a Virginia limited liability company,

        SERVE:      Brian C. Purcell
                        REGISTERED AGENT
                        222 Central Park Avenue, Suite 1500
                        Virginia Beach, VA 23462
                        (City of Virginia Beach)

**TCS MATERIALS, INC.,**
a Virginia corporation,

        SERVE:      Corporation Service Company
                        REGISTERED AGENT
                        Bank of America Center, 16th Floor
                        1111 East Main Street
                        Richmond, VA 23219

and

**VULCAN CONSTRUCTION MATERIALS, LP,**
a Delaware limited partnership,

        SERVE:      Corporation Service Company
                        REGISTERED AGENT
                        Bank of America Center, 16th Floor
                        1111 East Main Street
                        Richmond, VA 23219

                              Defendants.

## COMPLAINT TO INTERPLEAD FUNDS

The plaintiff, Lexon Insurance Company ("Lexon"), by counsel, in accordance with the provisions of 28 U.S.C §1335, and Rules 22 and 67 of the *Federal Rules of Civil Procedure*, files its Complaint to Interplead Funds (the "Complaint") on the grounds and for the reasons specified below.

### THE PARTIES

**A.    Reinsurance Agreement for Miller Act Payment Bond.**

1.    Lexon is a corporation duly organized and existing under the laws of the State of Texas which maintains a principal place of business in Hermitage, Tennessee.  Lexon is duly authorized and licensed to engage in business in the Commonwealth of Virginia.  As more fully described below, Lexon is named in a Reinsurance Agreement for a Miller Act Payment Bond for the benefit of certain laborers and materialmen, which agreement was executed in connection with the issuance of a contract payment bond issued by Western Insurance Company ("Western Insurance"), as surety, naming Key Turf Construction, Inc. ("Key Turf Construction") as its principal, and the United States of America (the "United States") as its obligee.  Lexon possesses funds in the form of the reinsurance proceeds specified by the Reinsurance Agreement for a Miller Act Payment Bond which are the subject of a number of competing claims, the sum total of which exceed the amount of reinsurance proceeds available.

**B.    Claimants under the Reinsurance Agreement For a Miller Act Payment Bond.**

2.    The defendant, American Turf Grass Corporation ("American Turf") is and was at all times pertinent to this proceeding a Virginia corporation which maintains its principal place of business at 14593 NC Hwy 94N, Creswell, North Carolina 27908.

3.      The defendant, Asphalt Roads & Materials Co., Inc. ("Asphalt Roads"), is and
was at all times pertinent to this proceeding a Virginia corporation which maintains its principal
place of business at 4901 Cleveland Street, Suite 2, Virginia Beach, Virginia 23462.

4.      The defendant, Barry K. Jones ("Jones"),  upon information and belief is and was
at all times pertinent to this proceeding an individual resident of the State of California who
maintains his principal residence in Elk Grove, California.

5.      The defendant, Damuth Services, Inc. d/b/a Damuth Trane ("Damuth Trane"), is
and was at all times pertinent to this proceeding a Virginia corporation which maintains its
principal place of business at 1100 Cavalier Boulevard, Chesapeake, Virginia 23323.

6.      The defendant, E.G. Middleton, Inc. ("E.G. Middleton") upon information and
belief is and was at all times pertinent to this proceeding a Virginia corporation which maintains
its principal place of business at 2510 Cromwell Road, Norfolk, Virginia 23509.

7.      The defendant, Eastern Shore Development Corporation ("Eastern Shore"), is and
was at all times pertinent to this proceeding a Virginia corporation which maintains its principal
place of business at 213 16th Street, Virginia Beach, Virginia 23451.

8.      The defendant, Eastville Investments LLC, is and was at all times pertinent to this
proceeding a Virginia limited liability company which maintains its principal place of business at
1404 Berkshire Lane, Virginia Beach, Virginia 23451.

9.      The defendant, Erosion Control Services, LLC ("Erosion Control"), is and was at
all times pertinent to this proceeding a Virginia limited liability company which maintains its
principal place of business at 2040 Small Brooke Court, Virginia Beach, Virginia 23454.

10.     The defendant, Ferguson Enterprises, Inc. d/b/a Ferguson Waterworks ("Ferguson"), is and was at all times pertinent to this proceeding a Virginia corporation which maintains its principal place of business at 12500 Jefferson Avenue, Newport News, Virginia 23602.

11.     The defendant, Halsey Design Group, Inc. is upon information and belief a California corporation which maintains its principal place of business at 30255 Au Bon Climate Court, Bonsall, California 92003.

12.     The defendant, Jeff Ball, is upon information and belief an individual resident of the State of Georgia who maintains his principal residence in Warner Robins, Georgia.

13.     The defendant, Shore Paving LLC, is and was at all times pertinent to this proceeding a Virginia limited liability company which maintains its principal place of business at 5533 Jennifer Lane, Eastville, Virginia 23347.

14.     The defendant, TCS Materials, Inc. is and was at all times pertinent to this proceeding a Virginia corporation which maintains a principal place of business in Virginia at 5423 Airport Road, Williamsburg, VA 23188.

15.     The defendant, Vulcan Construction Materials, LP, is upon information and belief a Delaware limited partnership which maintains its principal place of business at 1200 Urban Center Drive, Birmingham, Alabama 35242.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1335.

17.     Venue in this Court is proper as it is specifically conferred by the provisions of 28 U.S.C. § 1391.

6

STATEMENT OF FACTS

18.     On or about June 3, 2008, the United States entered into a contract with Key Turf

Construction under the terms and conditions of which Key Turf Construction agreed to provide

all labor and material necessary for the construction and/or renovation of Sea Mist RV Park at

the Dam Neck Annex, Oceana Naval Air Station in Virginia Beach, Virginia, Contract No.

NAVMWR-08-C-0012 (the "Project") for the original contract price of $1,756,654.36.  In

conjunction with the performance of its obligations to the United States under the general

contract, and in accordance with the terms and conditions of *The Miller Act*, 40 U.S.C. §§ 1331-

1334, Key Turf furnished its contract payment bond (Bond No. OBSC00015) in the amount of

$1,756,654.36 issued by Western Insurance, as surety, naming Key Turf Construction as is

principal and co-obligor, and the United States as its obligee.  A true and accurate copy of the

contract payment bond is attached to this Complaint as Exhibit A and is incorporated by

reference as if fully set forth in this paragraph.

19.     In conjunction with the performance of its contractual obligations to the United

States, Key Turf Construction awarded a number of subcontracts with, and procured labor and/or

material from numerous subcontractors, laborers and materialmen.  Upon information and belief,

the persons and entities listed in ¶¶ 2 through 15 above had direct contractual relationships with

either Key Turf Construction or with subcontractors of Key Turf Construction.

20.     On or about June 23, 2008, at Western Insurance's request and in order to enable

Western Insurance to qualify as a surety under the terms and conditions of *The Miller Act* and

other applicable law, Lexon agreed to serve as a reinsuring company under the contract payment

bond up to the maximum limit of $155,653.36 as set forth in a Reinsurance Agreement for a

Miller Act Payment Bond. A true and accurate copy of the Reinsurance Agreement for a Miller Act Payment Bond is attached to this Complaint as Exhibit B and is incorporated by reference as is specifically set forth in this paragraph.

21.    Upon information and belief, Key Turf Construction and/or the subcontractors with whom Key Turf Construction had a direct contractual relationship failed to satisfy all of their labor and/or material payment obligations to various persons and/or entities which furnished labor and/or material in connection with the prosecution of the work on the Project. As a result, Western Insurance received a number of claims against the contract payment bond it issued naming Key Turf Construction as its principal and co-obligor, and the United States as its obligee.

22.    On or about August 24, 2011, Key Turf Construction filed its Voluntary Petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§101, *et seq.*, in the United States Bankruptcy Court for the Southern District of California, San Diego Division, initiating that case styled *In re Key Turf Construction, Inc.*, Case No. 11-14109-LT7 and, as such, all actions against Key Turf Construction are stayed in accordance with the automatic stay provisions of 11 U.S.C. § 362. A true and accurate copy of the Voluntary Petition, without supporting schedules, is attached to this Complaint as Exhibit C and is incorporated by reference as if fully set forth in this paragraph.

23.    Western Insurance, Key Turf Construction's contract bond surety, has experienced its own financial difficulties as well. On or about August 25, 2011, the Third Judicial District Court of Salt Lake County for the State of Utah entered its Rehabilitation Order, and Restraining Orders (the "Rehabilitation Order") in that case styled *In re Western Insurance*

*Company*, Civil No. 110917050. Shortly thereafter, on September 13, 2011, the Third Judicial

District Court of Salt Lake County for the State of Utah entered its Liquidation Order,

Declaration of Insolvency and Restraining Orders (the "Order of Liquidation") placing Western

Insurance into liquidation and imposing a stay against all actions against Western Insurance.

Copies of the (a) Rehabilitation Order and (b) the Order of Liquidation are attached to this

Complaint as Exhibits D and E, respectively, and are incorporated by reference as if fully set

forth in this paragraph.

24.     As a result of Key Turf Construction's failure to satisfy its labor and material

payment obligations on the Project, and Western Surety's failure to pay the claims asserted

against the contract payment bond, there is a default under the contract payment bond triggering

Lexon's obligations under the Reinsurance Agreement for a Miller Act Payment Bond.

25.     Lexon has received a number of claims against the Reinsurance Agreement for a

Miller Act Payment Bond from various subcontractors, laborers and/or materialmen which

furnished labor and/or material to Key Turf Construction or subcontractors with whom Key Turf

Construction had direct contract relationships on the Project. In addition, Lexon is aware of

other outstanding claims asserted against the contract payment bond by various subcontractors,

laborers and/or materialmen which furnished labor and/or material on the Project.

a.  CLAIMS ASSERTED DIRECTLY AGAINST THE REINSURANCE AGREEMENT FOR A
    MILLER ACT PAYMENT BOND.

The claims which have been presented directly against the Reinsurance Agreement for a

Miller Act Payment Bond include:

i.  ASPHALT ROADS AND MATERIALS CO., INC.

On or about August 31, 2011, Asphalt Roads filed a Complaint in the United States

District Court of the Eastern District of Virginia, Norfolk Division, initiating that case styled *United States of America for the use and benefit of Asphalt Roads and Materials Co., Inc. v. Western Insurance Company, Lexon Insurance Company and Key Turf Construction, Inc.,* Civil Action No. 2:11cv491. By its suit, Asphalt Roads seeks compensatory damages in the principal amount of $60,956.49 for labor and material it alleges if furnished on the Project. A true and accurate copy of Asphalt Roads' Complaint is attached as Exhibit F and is incorporated by reference as if specifically set forth in this Complaint.

ii. E.G. MIDDLETON, INC.

On or about September 1, 2011, E.G. Middleton filed a Complaint in the United States District Court of the Eastern District of Virginia, Norfolk Division, initiating that case *styled United States of America for the use and benefit of E.G. Middleton, Inc. v. Western Insurance Company, Lexon Insurance Company and Key Turf Construction, Inc.*, Civil Action No. 2:11cv495. By its suit, E.G. Middleton seeks compensatory damages in the amount of $178,876.00 for labor and material it alleges it furnished on the Project. A true and accurate copy of E.G. Middleton's Complaint is attached as Exhibit G and is incorporated by reference as if specifically set forth in this Complaint.

iii. DAMUTH SERVICES, INC. T/A DAMUTH TRANE

On or about September 19, 2011, Damuth Trane filed its Complaint in the United States District Court of the Eastern District of Virginia, Norfolk Division, initiating that case styled *United States of America for the use and benefit of Damuth Services, Inc. t/a Damuth Trane and Damuth Services, Inc. t/a Damuth Trane v. Western Insurance Company*, Civil Action No. 2:11cv513. By its Complaint, Damuth Trane seeks compensatory damages against Key Turf

Construction and Western Insurance under the contract payment bond in the principal amount of

$32,500.00 for labor and material it alleges if furnished on the Project.  Since filing the

Complaint, Damuth Trane learned that Western Insurance was insolvent and, by letter dated

September 23, 2011 from its counsel, Kevin J. Cosgrove, presented a claim to Lexon under the

Reinsurance Agreement for a Miller Act Payment Bond.  True and accurate copies of (a) Mr.

Cosgrove's September 23, 2011 letter to Lexon, (b) Damuth Trane's Complaint and (c) the claim

documents furnished by Mr. Cosgrove to Lexon are collectively attached  as Exhibit H and are

incorporated by reference as if specifically set forth in this Complaint.

> iv.  JEFF BALL

In June of 2011, Lexon was advised of a possible claim to be asserted by Jeff Ball for

labor and/or material furnished on the Project.  On September 14, 2011, after learning that the

Order of Liquidation had been entered in relation to Western Insurance, Mr. Ball inquired what

Lexon's plan was with respect to addressing any claims he had.   In response, by letter dated

September 16, 2011, Lexon acknowledged receipt of Mr. Ball's notification of the claim in the

amount of $34,756.16, requested supporting documentation and forwarded to him a Proof of

Claim and Affidavit of Laborer, Materialman or Subcontractor form.  True and accurate copies

of Lexon's Letter of September 16, 2011 to Mr. Ball and the Proof of Claim and Affidavit of

Laborer, Materialman or Subcontractor form are collectively attached as Exhibit I and are

incorporated by reference as if specifically set forth in this Complaint.

> b.  OTHER CLAIMS AGAINST THE CONTRACT PAYMENT BOND ISSUED BY
> WESTERN INSURANCE OF WHICH LEXON IS AWARE

In addition to the claims asserted directly against the Reinsurance Agreement for a Miller

Act Payment Bond, Lexon is aware of other outstanding claims asserted against the contract

payment bond and presented to Western Insurance by various subcontractors, laborers and/or materialmen which furnished labor and/or material on the Project. A partial list of these claims, provided by Western Insurance (and which also include the claims identified in ¶ 25(a) above), is attached to this Complaint as Exhibit J and is incorporated by reference as if fully set forth in this paragraph. In addition to the claims listed in Exhibit J, Lexon has received information, through local counsel for the liquidator of Western Insurance, of two additional claims against the contract payment bond by TCS Materials, Inc. ("TCS Materials") and Vulcan Construction Materials, L.P. ("Vulcan Construction"). Upon information and belief, all these claimants also qualify for coverage under the Reinsurance Agreement for a Miller Act Payment Bond as they are or may be subcontractors, laborers and materialmen who furnished labor and/or material to Key Turf Construction or a subcontractor with whom Key Turf Construction had a direct contractual relationship, but have not been paid either by Key Turf Construction or Western Insurance under the contract payment bond.

> i. TCS MATERIALS, INC.

On or about October 13, 2011, TCS Materials filed its Complaint in the United States District Court of the Eastern District of Virginia, Alexandria Division, initiating that case styled *The United States of America for the use and benefit of TCS Materials, Inc. v. Western Insurance Company*, Civil Action No. 1:11cv1114. By its Complaint, TCS Materials seeks compensatory damages against the contract payment bond in the principal amount of $9,898.06 for labor and material it alleges if furnished on the Project. A true and accurate copy of TCS Materials' Complaint is attached to this Complaint as Exhibit K and is incorporated by reference as if fully set forth in this paragraph.

ii. VULCAN CONSTRUCTION MATERIALS, L.P.

On or about September 30, 2011, Vulcan Construction filed its Complaint in the United States District Court of the Eastern District of Virginia, Alexandria Division, initiating that case styled *The United States of America for the use and benefit of Vulcan Construction Materials, L.P. v. Western Insurance Company*, Civil Action No. 1:11cv1063. By its Complaint, Vulcan seeks compensatory damages against the contract payment bond in the principal amount of $4,555.72 for labor and material it alleges if furnished on the Project. A true and accurate copy of Vulcan Construction's Complaint is attached to this Complaint as Exhibit L and is incorporated by reference as if fully set forth in this paragraph.

iii. OTHER CLAIMANTS IDENTIFIED BY WESTERN INSURANCE

During the course of its investigation, Lexon obtained a list of claimants who had asserted claims against the contract payment bond issued by Western Insurance. These claimants, and the amount of their respective claims, include:

| | | |
|---|---|---|
| i. | American Turf Grass Corp. | $10,599.00 |
| ii. | Barry K. Jones | 14,823.00 |
| iii. | Eastern Shore Development | 3,740.00 |
| iv. | Eastville Investments, LLC | 1,689.00 |
| v. | Erosion Control Services, LLC | 1,200.00 |
| vi. | Ferguson Waterworks | 61,540.00 |
| vii. | Halsey Design Group, Inc. | 8,811.00 |
| viii. | Shore Paving, LLC | 750.00 |
| | | $ 103,152.00 |

**INTERPLEADER OF FUNDS**

26.     Lexon restates and incorporates the allegations set forth in ¶¶ 1-25 above as if specifically set forth in this paragraph.

27.     The claims presented to Lexon against the Reinsurance Agreement for a Miller Act Payment Bond by or on behalf of (a) Asphalt Roads, (b) E.G. Middleton, (c) Damuth Trane and (d) Jeff Ball, as identified in ¶ 25(a) above, collectively total $307,088.65. The claims presented to Western Insurance against the contract payment bond by or on behalf of the claimants identified in ¶ 25(b) above, including TCS Materials and Vulcan Construction, collectively total $117,603.78. Together, all known claimants have claims which collectively total $424,692.43, an amount which substantially exceeds the total limit of Lexon's liability of $155,653.36 under the Reinsurance Agreement for a Miller Act Payment Bond.

28.     Lexon is concerned that it is or may be (a) exposed to double or multiple liability as a result of the number and total amount of claims that have been and could be asserted against the Reinsurance Agreement for a Miller Act Payment Bond, (b) at risk of improperly determining the priority of claimants and/or amounts which it should pay under the Reinsurance Agreement for a Miller Act Payment Bond, and (c) incapable of determining whether, as a matter of fact or law, each of the claimants and/or those who have or may yet be identified is entitled to share in any distribution and, if so, to what extent. Consequently, Lexon files its Complaint and tenders with this Complaint its check (Check No. 2236) dated October 11, 2011 payable to the Clerk of this Court in the amount of $155,653.36 representing the limits of its liability under the Reinsurance Agreement for a Miller Act Payment Bond.

**WHEREFORE**, Lexon Insurance Company, by counsel, respectfully requests this Court to (a) summon all interested parties which may have rights under the Reinsurance Agreement for a Miller Act Payment Bond, (b) require them to present and, if necessary, litigate their claims in

this Court, (c) determine the appropriate basis upon which the proceeds of the Reinsurance Agreement for a Miller Act Payment Bond should be paid, (d) enjoin any further actions against Lexon under the Reinsurance Agreement for a Miller Act Payment Bond, (e) declare the Reinsurance Agreement for a Miller Act Payment Bond to be null and void, and of no further force or effect, (f) discharge and release Lexon from any and all further liability by virtue of its execution of the Reinsurance Agreement for a Miller Act Payment Bond, and (g) award it its costs, expenses and attorney's fees as authorized by law.

Respectfully submitted,

**LEXON INSURANCE COMPANY**

By Counsel

Richard T. Pledger (VSB No. 28102)
Thomas J. Moran (VSB No. 71296)
Christopher A. Cheuk (VSB No. 70891)
WALLACEPLEDGER, PLLC
The Capstone Center
7100 Forest Avenue,
Suite 302
Richmond, VA 23226
Telephone:     (804) 282-8300
Facsimile:     (804) 282-2555
e-mail:        rpledger@wallacepledger.com
               tmoran@wallacepledger.com
               ccheuk@wallacepledger.com
*Counsel for Lexon Insurance Company*